UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re:  Richard J. Hanheide | ) | | |
| | ) | Case No. 19-41016 | |
| | ) | Chapter 13 | |
| SSN: XXX-XX-2770 | ) | Hearing Date: 8 May 2019 | |
| | ) | Hearing Time: 10:00 AM | |
| Debtor(s) | ) | Hearing Loc: 111 S 10th, Ctrm 5N | |
| | ) | St Louis, MO | |

CHAPTER 13 PLAN

| 1.1 | A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor. | ___ Included<br>_X_ Not Included |
|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest. | ___ Included<br>_X_ Not Included |
| 1.3 | Nonstandard provisions set out in Part 5. | _X_ Included<br>___ Not Included |

**Part 1.**          **NOTICES**

**TO DEBTORS:**  This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Eastern District of Missouri.  **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS:**   **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**  You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.  If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Eastern District of Missouri Local Bankruptcy Rule 3015.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

**Part 2.**          **PLAN PAYMENTS AND LENGTH OF PLAN**

2.1   **Plan Payments**.   Debtor is to make regular payments to the Chapter 13 Trustee as follows:  (complete one of the following payment options)

   (A)  $____776.07___ per month for ____48_____ months.

   (B)  $_____ per month for _____ months, then $_____ per month for _____ months, then $_____ per month for _____ months.

(C) A total of $_____ through _____, then $_____ per month for _____ months beginning with the payment due in _____, 20____.

2.2     **Tax Refunds**. Within fourteen days after filing federal and state income tax returns, Debtor shall provide the Chapter 13 Trustee with a copy of each return required to be filed during the life of the plan.  The Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3     **Additional Lump Sums**. Debtor shall send additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.

**Part 3.                    DISBURSEMENTS**

Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors.  All disbursements by the Trustee will be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6, those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1     **Trustee**.   Pay Trustee a percentage fee as allowed by law.

3.2     **Executory Contract/Lease Arrearages**. Trustee will cure pre-petition arrearage on any executory contract accepted in paragraphs 3.3(A) or (B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD (6 months or less) |
|---|---|---|
|  |  |  |

3.3     **Pay the following sub-paragraphs concurrently:**

(A) **Post-petition real property lease payments**. Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments (which the Debtor shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
|  |  |

2

(B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|
| | | |

(C) **Continuing Debt Payments (including post-petition mortgage payments on real estate, other than Debtor's residence.)** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee shall make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| **Capital One Auto Finance** | **$381.80** |

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence shall be paid at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

| CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
|---|---|---|
| **PennyMac** | **$947.88** | **Debtor** |

(E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears (not provided for elsewhere in the plan) in full in equal monthly installments over the life of the plan, estimated as:

| CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
|---|---|---|
| | | |

3.4    **Attorney Fees**. Pay Debtor's attorney $__1,610.00__ in equal monthly payments over ___18_____ months (no less than 18 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See procedures manual for limitations on use of this paragraph]

3.5    **Pay the following sub-paragraphs concurrently**:

(A)  **Pre-petition arrears on secured claims paid in paragraph 3.3**. Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| **PennyMac** | **$7,552.36** | **48 months** | **0%** |

(B) **Secured claims to be paid in full**. The following claims shall be paid in full in equal monthly payments over the period set forth below with 6.75**%** interest:

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|

(C) **Secured claims subject to modification**. Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 6.75**%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 3.9(A), estimated as set forth below. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|

(D) **Co-debtor debt paid in equal monthly installments**. The following co-debtor claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, such claim(s) shall be paid in equal monthly installments over the period and with interest as identified below:

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|
| **Diamond Finance** | **$3,000** | **Trustee** | **36** | **6.75%** |

(E**)** **Post Petition Fees and Costs**. Pay any post-petition fees and costs as identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

3.6     **Additional Attorney Fees**. Pay $___300.00_____ of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7     **Pay sub-paragraphs concurrently**:

(A) **Unsecured Co-debtor Guaranteed Claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below:

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|

(B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s):

4

| CREDITOR | TOTAL DUE | TOTAL AMOUNT PAID BY TRUSTEE |
|---|---|---|

3.8    **Priority Claims.** Pay priority claims allowed under § 507 that are not addressed elsewhere in the plan in full, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| IRS (2015, 2016 taxes) | $1,303.26 |

3.9    **Pay the following sub-paragraphs concurrently**:

(A)  **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $ 27,894.70       . Amount required to be paid to non-priority unsecured creditors as determined by §1325(a)(4) hypothetical Chapter 7 liquidation calculation: $   0.00   .   Amount required to be paid to nonpriority unsecured creditors as determined by §1325(b) calculation: $     0.00    . Debtor guarantees a minimum of **$   0.00    ** (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

(B)  **Surrender of Collateral**.  Debtor proposes to surrender the following collateral to the following creditor(s). (Choose one).
☐ Any deficiency shall be paid as non-priority unsecured debt.
☐ The Trustee shall stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency (if any) still owed after sale of the surrendered collateral.

| CREDITOR | COLLATERAL |
|---|---|

(C)  **Rejected Executory Contracts/Leases.**  Debtor rejects the following executory contract(s) with the following creditor(s).  Any balance will be paid as non-priority unsecured debt:

| CREDITOR | CONTRACT/LEASE |
|---|---|

**Part 4.        OTHER STANDARD PLAN PROVISIONS**

4.1    Absent a specific order of the Court to the contrary, the Chapter 13 Trustee, rather than the Debtor, will make all pre-confirmation disbursements pursuant to § 1326(a).

4.2    All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Chapter 13 Trustee.

4.3    The proof of claim shall control the valuation of collateral and any valuation stated in the plan shall not be binding on the creditor.

4.4     The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5     Any post-petition claims filed and allowed under § 1305 may be paid through the plan.

4.6     Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

4.7     All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328.  However, Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the court enters an order granting Debtor's request to avoid the liens.

4.8     Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such claimant.

**Part 5.     NONSTANDARD PLAN PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or Local Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "included" in Part 1 of this Plan:**

**5.1     Debtor's dischargeable taxes for tax years 2011 and 2012 will be discharged upon completion of the payments in this plan pursuant to 11 USC §1328(a), or by a Complaint to determine dischargeability of said taxes.  Taxes dischargeable under 11 USC §523(a)(7) which are more than three years old will not be paid in this Plan.**

5.2     _____
_____
_____
_____

**Part 6.     VESTING OF PROPERTY OF THE ESTATE**

6.1     Title to Debtor's property shall re-vest in Debtor(s) upon confirmation.

6

Part 7.    **CERTIFICATION**

**The debtor(s) and debtor(s) attorney, if any, certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 13 of the Eastern District of Missouri, other than any Nonstandard Plan Provisions in Part 5.**

DATE: 9 March 2019         DEBTOR: */s/ Richard J. Hanheide*
                           _____
                           Richard J. Hanheide

DATE: 9 March 2019         Cruse●Chaney-Faughn, P.C.
                           By:

                           **/s/Fredrich J Cruse**
                           Fredrich J. Cruse      #23480MO
                           Attorney at Law
                           718 Broadway
                           P. O. Box 914
                           Hannibal, Missouri 63401
                           Telephone: (573) 221-1333
                           Fax (573) 221-1448
                           Email: fcruse@cruselaw.com
                           Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

In re: )
    Richard Hanheide ) Case No. 19-41016
     ) Chapter 13
    Debtor. )

## CERTIFICATE OF SERVICE FOR CHAPTER 13 PLAN

Fredrich J. Cruse, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Hannibal, Missouri.

I hereby certify that a copies of the Chapter 13 Plan were served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing and was served via United States Mail, first class postage prepaid, on March 11, 2019 to those individuals and entities not requesting service by electronic filing. The individuals and entities being served electronically or by mail are

Capital One Auto Finance
4515 N Santa Fe Ave Dept APS|
Oklahoma City, OK 73118-7901

PRA Receivables Management LLC
PO Box 41067
Norfolk, VA 23541-1067

AFNI
1310 Martin Luther King Drive
PO Box 3517
Bloomington, IL 61702-3517

Acct Resc Corp
PO Box 3860
Chesterfield, MO 63006-3860

Advance America
2388 Highway K
O Fallon, MO 63368-6661

Affirm
650 California St
San Francisco, CA 94108-2716

MISSOURI BAPTIST MEDICAL CENTER
PO BOX 958410
SAINT LOUIS MO 63195-8410

Capital One Auto Finance
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Dawn Voisas
205 W Sturgeon
Wellsville, MO 63384-1523

Diamond Finance
3690 W Clay St
Saint Charles, MO 63301-4433

Financial Recovery Services
PO Box 385908
Minneapolis, MN 55438-5908

Fingerhut Advantage
PO Box 70281
Philadelphia, PA 19176-0281

First Premier
PO Box 5529
Sioux Falls, SD 57117-5529

Genesis FS Card Services
PO Box 23039
Columbus, GA 31902-3039

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Martin Leigh P.C.
2405 Grand Blvd, Ste 410
Kansas City, MO 64108-2577

8

Medicredit, Inc
PO Box 1629
Maryland Heights, MO 63043-0629

Midland Credit Management Inc
8875 Aero Drive Suite 200
San Diego, CA 92123-2255

Missouri Department of Corrections
PO Box 1848
Jefferson City, MO 65102-1848

Missouri Department of Revenue
PO Box 475301 W High St
Jefferson City MO 65101-1517

Montgomery Ward
PO Box 2843
Monroe, WI 53566-8043

North Hollywood Billing Center
4605 Lankershim Blvd, Ste 216
North Hollywood, CA 91602-1875

PPG Clinical Pathology LLC
PO Box 8660
Saint Louis, MO 63126-0660

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

PennyMac
PO Box 514387
Los Angeles, CA 90051-4387

Pioneer Credit Recovery Inc
PO Box 500
Horseheads, NY 14845-0500

Planet Rent to Own
3711 Mexico Rd
Saint Charles, MO 63303-3040

PROGRESS WEST HOSPITAL
PO BOX 958410
SAINT LOUIS MO 63195-8410

Property Home Management
PO Box 1131
Farmington, MO 63640-4064

Southeastern Physician Services
11133 Dunn Rd
Saint Louis, MO 63136-6163

Southeastern Physician Services
PO Box 740512
Cincinnati, OH 45274-0512

Synchrony Bank
PO Box 965064
Orlando, FL 32896-5064

Tammy M. Hanheide
9817 Treadway Lane, Apt A
Saint Louis, MO 63134-4145

United States Attorney
111 South 10th Street
20th Floor
St. Louis MO 63102-1125

Webbank
215 South State Street, Suite 800
Salt Lake City, UT 84111-2339


Cruse●Chaney-Faughn, P.C.
By:

*/s/Fredrich J Cruse*
Fredrich J. Cruse        #23480MO
Attorney at Law
718 Broadway
P. O. Box 914
Hannibal, Missouri 63401
Telephone:  (573) 221-1333
Fax (573) 221-1448
Email: fcruse@cruselaw.com

9